IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:21-CV-091-GCM-DCK

| | |
|---|---|
| ANNIE HARBISON CAMPERO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>)<br>Defendant. )<br>) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's motion for summary judgment (Document No. 14) and the "Commissioner's Motion For Summary Judgment" (Document No. 17). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's summary judgment motion be denied; that "Commissioner's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Annie Harbison Campero ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on an application for disability benefits. (Document No. 1). Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, on or about April 3, 2017, alleging an inability to work due to a disabling condition beginning March 31, 2017. (Transcript of the Record of Proceedings ("Tr.") 16). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on August 30, 2017, and again after reconsideration on November

15, 2017. (Tr. 16). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. We realize that your condition keeps you from doing some types of work, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 112).

Plaintiff filed a timely written request for a hearing on December 22, 2017. (Tr. 16). On June 7, 2019, Plaintiff appeared and testified at a hearing before Administrative Law Judge Benjamin R. McMillion (the "ALJ"). (Tr. 41-62). In addition, Quintin Boston, a vocational expert ("VE"), and Bradford D. Myler and Michael Ogden, Plaintiff's attorneys for the hearing, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on July 12, 2019, denying Plaintiff's claim. (Tr. 13-35). On July 24, 2019, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on February 1, 2021. (Tr. 1, 166-72). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on April 1, 2021. (Document No. 1). On June 8, 2021, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's motion for summary judgment (Document No. 14) and "Plaintiff's Memorandum Of Law In Support Of A Motion For Summary Judgment" (Document No. 14-1) were filed December 13, 2021; and the "Commissioner's Motion For Summary Judgment"

(Document No. 17) and "Memorandum Of Law In Support Of Commissioner's Motion For Summary Judgment" (Document No. 18) were filed March 14, 2022. "Plaintiff's Reply Brief" (Document No. 19) was filed March 25, 2022.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that

it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between April 3, 2017 and July 12, 2019.[1] (Tr. 13-35). Importantly, the ALJ granted Plaintiff's motion in the administrative proceedings to amend her disability onset date to April 3, 2017 from March 31, 2017. (Tr. 16). To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 31).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since April 3, 2017, the alleged disability onset date. (Tr. 18). At the second step, the ALJ found that history of lumbar fusion surgery at age seventeen; fibromyalgia; neuropathy; peptic ulcers; sleep apnea; obesity; and history of depressive schizoaffective disorder were severe impairments.[2] (Tr. 18). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 18).

Next, the ALJ assessed Plaintiff's RFC and found that Plaintiff retained the capacity to perform light work activity, with the following limitations:

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

> [S]he is limited to occasional interaction with co-workers; avoid[ance] of concentrated interaction with the public; and performance of simple, routine tasks.

(Tr. 21). In making this finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform past relevant work as a receptionist. (Tr. 29). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 30). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a mail clerk non-postal and a marker. (Tr. 30). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, between April 3, 2017, and the date of the decision, July 12, 2019. (Tr. 31).

On appeal to this Court, Plaintiff asserts the following assignment of error: "[t]he RFC is not supported by substantial evidence since the ALJ failed to properly consider the opinion of [the] treating source, Sharon Willingham, M. D." (Document No. 14-1, p. 5). The undersigned will discuss this contention below.[3]

**A.    Failure to Properly Weigh Treating Physician's Medical Opinion**

---

[3] The undersigned notes that Plaintiff's "Complaint" also includes an argument that "the Commissioner's office is unconstitutional" pursuant to Seila Law LLC v. Consumer Fin. Prot. Bureau because the President does not have removal power over the Social Security Administration's Commissioner. See (Document No. 1, p. 2) (citing 140 S. Ct. 2183 (2020)). As the Commissioner points out, Plaintiff does not raise this as an assignment of error in her summary judgment motion. See (Document No. 14-1); (Document No. 18). She also does not raise it in her reply brief. See (Document No. 19). The undersigned will therefore not address this argument. Even if she had raised it in her summary judgment motion, however, it would fail. See Bolton o/b/o K.B. v. Comm'r of Soc. Sec'y, 3:20-CV-574-KDB-DCK, 2022 WL 4373495, at *3-*4 (W.D.N.C. Aug. 23, 2022), *report and recommendation adopted*, 2022 WL 4369986 (W.D.N.C. Sept. 21, 2022).

Plaintiff argues that the ALJ "engaged in impermissible cherry picking" when evaluating the weight to assign Dr. Willingham's opinion. (Document No. 14-1, p. 9) (internal quotations and citations omitted). For example, Plaintiff states that "the ALJ determined Dr. Willingham's opinion was 'internally inconsistent,'" and yet he "selectively ignored additional evidence that provides insight into how Plaintiff's impairments affect her" ability to engage in activities like attending church and school activities with her family. Id. at pp. 7-8. Plaintiff also argues that the ALJ "completely ignores the supportability of the opinion," contending that "Dr. Willingham supported her opinion with narratives included in her notes." Id. at p. 11.

In response, Defendant argues "the ALJ did not discount Dr. Willingham's opinion because Ms. Campero was entirely unlimited in her ability to interact with others and function outside the home; the ALJ simply found the doctor's characterization that Ms. Campero was 'almost homebound'…to be an overstatement given [] other evidence." (Document No. 18, p. 7). Defendant further argues that while "the ALJ did not use the term 'supportability' in his written analysis…, the ALJ's discussion of the incongruity between Dr. Willingham's opinions and the explanations of those opinions (i.e., the support she provided for them) clearly relates to the regulatory factor of supportability." Id. at p. 8.

The undersigned finds the Commissioner's argument more persuasive – "[t]o the extent that conflicting evidence in this record might allow reasonable minds to differ as to whether Ms. Campero is disabled, the responsibility for that decision falls on the ALJ." Id. Given that Plaintiff's claim was filed April 3, 2017, the treating physician rule is no longer followed, and instead, a new regulation governs how ALJs evaluate medical opinion evidence.[4] Pursuant to 20

---

[4] The previous regulation's "treating physician rule" – which accorded controlling weight to the opinion of the treating physician so long as certain criteria were met – no longer applies to claims filed after March 27, 2017. See Dowling

C.F.R. § 416.920c(a), ALJs should "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." The factors that an ALJ considers in evaluating medical opinions are: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. §§ 416.920c(c)(1)-(5).

"The most important factors" that an ALJ must consider in evaluating "the persuasiveness of medical opinions" are supportability and consistency. 20 C.F.R. § 416.920c(a). Supportability goes to the relevance of "the objective medical evidence and supporting explanations presented by a medical source," and the more relevant such evidence and explanations, the more persuasive the opinion. 20 C.F.R. § 416.920c(c)(1). With respect to consistency, "[t]he more consistent a medical opinion[]…is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion." 20 C.F.R. § 416.920c(c)(2). "Supportability is an internal check that references objective medical evidence and supporting explanations that come from the source itself." Genie v. Comm'r of Soc. Sec'y Admin., 3:20-CV-635-WCM, 2022 WL 412711, at *3 (W.D.N.C. Feb. 9, 2022) (quoting Bright v. Saul, 2020 WL 4483008, at *2 (M.D.N.C. Aug. 4, 2020)). "Consistency is an external check that references evidence from other medical and nonmedical sources." Id.

The undersigned finds that the ALJ properly weighed Dr. Willingham's opinion in line with the relevant regulation. See 20 C.F.R. §§ 416.920c. Indeed, the ALJ found that while Dr. Willingham opined that "claimant was almost homebound due to anxiety, depression, and auditory hallucinations," Dr. Willingham at the same time found that she "was capable of managing benefits

---

v. Comm'r of Soc. Sec'y Admin., 986 F.3d at 384, n.8 (importantly, the case discusses the regulation applicable to disability insurance claims, however, the regulatory landscape changed in parallel fashion for supplemental security income claims).

in her own best interest despite a diagnosis of recurrent, severe major depression with psychosis." (Tr. 28) (citing Tr. 343-46, 481-98). And, Dr. Willingham's own treatment notes indicate that she goes to church and school activities, and while doing these activities makes Plaintiff nervous, "she gets through it." (Tr. 487). Reasonably, then, the ALJ determined that "Dr. Willingham's opinion is internally inconsistent." (Tr. 28). The supporting explanations and the objective medical evidence that Dr. Willingham herself used do not mesh, thus going to supportability. See 20 C.F.R. § 416.920c(c)(1).

Further, with respect to consistency with the external evidence in the record, the ALJ cited the opinions of the state agency consultants, "who found, at most, that the claimant had moderate limitations with her ability to concentrate, persist, or maintain pace or no 'severe' medically determinable mental impairment at all." (Tr. 28) (citing Tr. 63-78, 81-97). These external opinions are in contrast to Dr. Willingham's own opinion, which was that "the claimant had marked to extreme limitations with adapting and managing herself." (Tr. 28) (citing Tr. 481-98). Plaintiff argues that "Dr. Willingham's opinion is supported by the medical record," backing up her statement by recounting details of the opinion of psychologist Dr. Love and asserting that his opinion was in line with Dr. Willingham's. (Document No. 14-1, p. 14). Plaintiff essentially asks the Court to reweigh the evidence. Here, it was reasonable for the ALJ to find that Dr. Willingham's opinion was inconsistent with other medical evidence in the record. The undersigned is mindful that "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on" the ALJ. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotations and citations omitted). Therefore, the undersigned concludes that substantial evidence supports the ALJ's determination of the RFC, including its conclusion that Dr. Willingham's opinion was not persuasive. See (Tr. 28).

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's motion for summary judgment (Document No. 14) be **DENIED**; the "Commissioner's Motion For Summary Judgment" (Document No. 17) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the

10

Case 1:21-cv-00091-GCM-DCK   Document 21   Filed 04/21/23   Page 10 of 11

objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: April 21, 2023

David C. Keesler
United States Magistrate Judge